IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DONALD JAMAL WILSON,
    Petitioner,

v.             CIVIL ACTION NO. 3:10-01191
              (CRIMINAL ACTION NO. 3:07-00034-01)

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

    Currently pending before this Court is a *pro se* Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. (ECF No. 509). In his Petition, Donald Jamal Wilson challenges his 2007 conviction by jury of one count of conspiracy to distribute 50 grams or more of cocaine base, a quantity of cocaine, and a quantity of heroin in violation of 21 U.S.C. § 846, and two counts of making available, as a lessee, a residence for the purpose of storing illegal drugs in violation of 21 U.S.C. § 856(a)(2). This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On December 6, 2011, the Magistrate Judge submitted her original Proposed Findings and Recommendations. (ECF No. 566). Petitioner objected to the Proposed Findings and Recommendations and, upon review, the Court found merit to some of Petitioner's objections. As a result, the Court resubmitted the matter back to the Magistrate Judge to reconsider and revise the Proposed Findings and Recommendations to the extent necessary. (ECF No. 573).

Thereafter, the Magistrate Judge submitted her Amended and Supplemental Proposed Findings and Recommendations to the Court, in which she recommends that Petitioner's request for relief be denied and the action be dismissed, with prejudice, from the docket of the Court. (ECF No. 575). Petitioner then filed the current objections to the Amended and Supplemental Proposed Findings and Recommendations. The Court reviews any portion of the Magistrate Judge's report to which objections are made *de novo*, but to those portions of the report to which no objection is made, the Magistrate Judge's Findings and Recommendations will be upheld unless they are "clearly erroneous" or "contrary to law." *See* 28 U.S.C. § 636(b)(1); *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)).

Upon review, the Court finds that the Magistrate Judge did an extraordinary and thorough job addressing Petitioner's claims for relief. The Court carefully has reviewed Petitioner's objections and finds the Amended and Supplemental Proposed Findings and Recommendations fully details the failings of each argument made by Petitioner. Petitioner has not stated any grounds in his objections by which this Court could reach a different conclusion. The Magistrate Judge correctly determined that the search warrant for Jefferson Avenue was not altered before it was executed or otherwise rendered invalid. The evidence of Petitioner's guilt on the conspiracy charge was overwhelming and not tainted by any improper hearsay. None of these claims support any finding of error or inadequacy of counsel's performance. His Speedy Trial rights were properly considered and revealed no error in identifying the triggering date. There is no merit to his claim of perjury by police officers. His claims of ineffective assistance of counsel are premised on unsupported assertions that the state court documents concerning the search and arrest warrants were

fabrications or speculative claims that other witnesses should have testified. Therefore, the Court **ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's Amended and Supplemental Proposed Findings and Recommendations to which no objection is filed, **ADOPTS** and **INCORPORATES** the portions to which Petitioner objects, and **DISMISSES** this action **WITH PREJUDICE** from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

         ENTER:  November 14, 2012

         _____
         ROBERT C. CHAMBERS
         UNITED STATES DISTRICT JUDGE